```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                          **CRIMINAL NO. 4:01-CR-8BN**

**JAMES EARNEST FRYE, JR.**


## OPINION AND ORDER

This cause is before the Court on the following Motions:

1. Motion of the United States to Deny Defendant's Motions filed on October 12, 2005, [docket entry no. 377]; and

2. Motion of the United States to Preclude *Pro Se* Pleadings by Defendants [docket entry no. 392].

On October 12, 2005, and October 25, 2005, Defendant James Frye, acting *pro se*, filed a total of twenty pleadings in this action. Defendant's filings were wholly irrational and made no ascertainable request for relief. In response, the United States filed a Cross-Motion to strike the various Motions filed by Defendant. The government contends that Defendant's filing of a Notice of Appeal of his conviction and sentencing on April 25, 2005, divested this Court of jurisdiction to entertain Defendants' Motions. The Court agrees with the United States. After a notice of appeal is filed in a matter, the district court loses jurisdiction and exclusive jurisdiction is vested in the court of appeals. <u>Winchester v. U. S. Attorney of the S. Dist. Of Tex.</u>, 68

F.3d 947, 948-50 (5th Cir. 1996). Because this Court is without jurisdiction, the Court must dismiss all motions made by Defendant on October 12, 2005, and October 25, 2005.[1]

The United States also moves the Court to preclude Defendant from filing further *pro se* pleadings while represented by counsel. The government is essentially requesting an injunction against Defendant. Currently, Defendant is represented by Julie Epps on the direct appeal of his conviction and sentence.

As the United States Court of Appeals for the Fifth Circuit has opined, "[a]s long as a criminal defendant is represented by counsel, . . . due process does not require that a criminal defendant be permitted to file every pro se motion he wishes to submit in addition to his attorney's motions." Tarter v. Hury, 646 F.2d 1010, 1014 (5th Cir. 1981). In light of Defendants frivolous *pro se* filings, the Court finds that, in the interest of judicial economy, the relief requested by the United States is warranted.

IT IS THEREFORE ORDERED that Motion of the United States to Deny Defendant's Motions filed on October 12, 2005, [docket entry no. 377] is well taken and is hereby granted. The Motions filed by

---

[1] The Motion of the United States to Deny Defendant's Motions was filed on October 14, 2005. That Motion only requested that the Motions of Defendant filed on October 12, 2005, be dismissed. The United States has not moved to dismiss those Motions filed by Defendant on October 25, 2005. However, the Court, *sua sponte*, dismisses the October 25, 2005, Motions of Defendant.

Defendant on October 12, 2005, [docket entry nos. 361 and 363] are hereby dismissed for want of jurisdiction.

IT IS FURTHER ORDERED that the Motions filed by Defendant on October 25, 2005, [docket entry nos. 380 and 382] are hereby dismissed *sua sponte* for want of jurisdiction.

IT IS FURTHER ORDERED that the Motion of the United States to Preclude *Pro Se* Pleadings by Defendants [docket entry no. 392] is well taken and is hereby granted. **Defendant is ENJOINED from filing further *pro se* pleadings in this matter while Defendant is represented by counsel. The Clerk of the Clerk is hereby ordered to return all *pro se* pleading to Defendant, undocketed, while Defendant is represented by counsel.  If Defendant wishes to no longer be represented by counsel, Defendant may notify the Clerk of the Court, by letter, of his desire to disassociate counsel and proceed exclusively *pro se*. If Defendant notifies the Clerk of the Court that he is no longer represented by counsel, the Clerk is ordered to allow Defendant to resume filing *pro se*.**

SO ORDERED this the 14th day of November, 2005.

                                        s/ William H. Barbour, Jr.
                                        UNITED STATES DISTRICT JUDGE