```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    EASTERN DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                    CRIMINAL NO. 4:01-cr-8-WHB

**JAMES E. FRYE**

### OPINION AND ORDER

This cause is before the Court on the Motion of Defendant, James E. Frye ("Frye") for New Trial Pursuant to the Federal Rules of Criminal Procedure Rule 33 ("Motion for New Trial"). In addition to filing his Motion for New Trial, Frye has filed a motion seeking a thirty-day extension in which to supplement that Motion.[1] The Court has considered the Motions, Responses, Rebuttals, attachments to the pleadings, as well as supporting and opposing authorities, and finds that the Motion for New Trial should be denied as untimely, and that the Motion to Supplement the Motion for New Trial should be denied as moot.

### I.   Factual Background and Procedural History

On February 23, 2001, Frye was charged with, *inter alia*, conspiracy to commit carjacking in violation of 18 U.S.C. § 371; carjacking, and aiding and abetting in carjacking that resulted in

---

[1] As Frye is proceeding on his motions *pro se*, his pleadings have been liberally construed. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

death in violation of 18 U.S.C. §§ 2 and 2119(3); using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1); and interstate transport of a stolen vehicle in violation of 18 U.S.C. § 2312.  Trial of Frye's criminal case was conducted in two phases, the guilt phase and the penalty phase.  The guilt phase, which was tried beginning on January 31, 2005, through February 3, 2005, ended with the jury returning a verdict of guilty as to each charge.  The case then proceeded to the penalty phase, which was tried beginning on February 7, 2005, through February 10, 2005, at the conclusion of which the jury declined to recommend the death penalty.  The jury verdict was entered by the Clerk of Court on February 18, 2005.

On April 15, 2005, Frye was sentenced to life imprisonment on the charge of carjacking resulting in death, and was sentenced to a 37-month term of imprisonment on the conspiracy/interstate transport of a stolen vehicle charges, and a 60-month term of imprisonment for having used a firearm during a crime of violence.  Both Frye's conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit.  See United States v. Frye, 489 F.3d 201 (5th Cir. 2007).

On or about March 3, 2008, the subject Motion for New Trial was filed by the Clerk of Court.  In addition to the Motion for New Trial, Frye filed a Motion seeking a thirty-day extension in which to supplement his Motion for New Trial and a "Certificate of

2

Filing" in which he asserts, under penalty of perjury, that: "on February 7, 2008 and February 12, 2008 I placed a copy of my Motion for New Trial Pursuant to Federal Rules of Criminal Procedure 33 and My Motion for Leave to Supplement Motion for New Trial in the Federal Prison's Mailbox..." and that "[s]ince the pleadings have not been filed by the District Court Clerks Office, they are being resubmitted along with this affidavit to certify the timely filing of the pleadings when submitted to prison authorities for mailing." See Certificate of Filing, [Docket No. 452], 1.[2]  On March 21, 2008, the Clerk of Court docketed a second Motion for New Trial, which is identical to the original motion, except that the certificate of service on this motion is dated February 14, 2008.

The purported "newly discovered" evidence supporting Frye's Motion for New Trial are statements made by his co-defendant, Billy D. Cooper ("Cooper").  Frye alleges that he was not able to secure these statements until after he was convicted and sentenced. Cooper's statements, which are presented in an affidavit, include, among other things, that he never witnessed Frye harming or causing injury to another person; he never witnessed Frye in possession of a firearm; and that certain statements made by Frye to law enforcement officers "do not accurately describe what actually took

---

[2] The certificate of service attached to Frye's Motion for New Trial and Motion for Leave to Supplement Motion for New Trial, that were filed on March 3, 2008, are dated February 7, 2008, and February 12, 2008, respectively.

3

place" with regard to the crimes for which he was convicted, and were actually the product of lies, threats, and intimidation on the part of the officers.  See Supplemental Aff. [Docket No. 460], Ex. A, Cooper Aff., ¶¶ 1-3, 23.  According to Frye, Cooper's statements "directly contradict[] the government's case in chief."  See Mot. for New Trial, 6.  Frye further argues that as Cooper's statements establish that he, Frye, did not cause the deaths underlying the crimes for which he was charged, he would not have been convicted if Cooper had testified as to these matters at trial.  The Government opposes Frye's motions on the grounds that they are untimely and without merit.

## II.  Legal Discussion

### A.  Timeliness of the Motion for New Trial

Under Rule 33 of the Federal Rules of Criminal Procedure, "the court may vacate any judgment and grant a new trial if the interest of justice so requires."  FED. R. CRIM. P. 33(a).  A motion brought pursuant to this Rule on the grounds of "newly discovered evidence must be filed within 3 years after the verdict or finding of guilty."  Id. at (b)(1).  The 3-year period prescribed by Rule 33(b)(1) is not jurisdictional, but is considered a "claims processing rule."  See Everhart v. United States, 546 U.S. 12, 16 (2005).  Thus, a Rule 33 motion for new trial may be dismissed as untimely, provided the government raises that objection in response

to the motion. Id. at 19 (explaining: "[C]laim-processing rules ... assure relief to a party properly raising them, but do not compel the same result if the party forfeits them.... [W]here the Government fail[s] to raise a defense of untimeliness until after the District Court ha[s] reached the merits [of the motion], it forfeit[s] that defense.").

In the present case, the docket shows that the jury returned its verdict and finding of guilty on February 3, 2005. See Docket No. 339. Under Rule 33(b)(1), Frye had three years thereafter, up to and including February 4, 2008,[3] to file a motion for seeking a new trial on the grounds of newly discovered evidence. Taking Frye's averments as true, the record shows that his Motion for New Trial was not submitted to prison authorities for mailing until February 7, 2008. As such, it appears that Frye's Motion for New Trial is untimely.

Frye, however, argues that the three-year period under Rule 33(b)(1) did not begin to run until February 18, 2005, the date on which the jury verdict was entered on the docket. The Court disagrees. First, under the plain language of Rule 33(b)(1), the date for filing a motion for new trial on the grounds of newly discovered evidence begins to run on the date on which the verdict

---

[3] The 3-year period for filing a motion for new trial under Rule 33(b)(1) expired on February 3, 2008. As February 3, 2008, was a Sunday, the applicable filing date was extended to Monday, February 4, 2008. See FED. R. CRIM. P. 45(a)(3).

5

or finding of guilty is returned, and not the date on which the verdict or finding of guilt is docketed by the Clerk of Court. See FED. R. CRIM. P. 33(b)(1).  Second, although Frye's criminal trial was extended after the guilty verdict was returned to allow further proceedings before the jury on the issue of whether the death penalty should be imposed, the jury's subsequent decision on that issue did not extend the period for filing a Rule 33 motion. See e.g. United States v. Hill, 177 F.3d 1251, 1253 (11th Cir. 1999) (finding that decisions relating to sentencing do not effect the running of the time periods set forth in Rule 33).

For these reasons, the Court finds that Frye was required to file his Motion for New Trial on or before February 4, 2008.  As the subject Motion was not filed until February 7, 2008, the Court finds it is untimely and must be dismissed on that basis.  The Court additionally finds, as Frye's Motion for New Trial must be dismissed as untimely, his Motion for Leave to Supplement his Motion for New Trial should be denied as moot.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Defendant's Motions for New Trial Pursuant to the Federal Rules of Criminal Procedure Rule 33 [Docket Nos. 449, 457] are hereby denied.

6

IT IS FURTHER ORDERED that Defendant's Motion for Leave of Court Requesting 30 Day Extension to File Supplemental Issues on Motion for New Trial [Docket No. 451] is hereby denied as moot.

SO ORDERED this the 25th day of July, 2008.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE
