```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         EASTERN DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                      CRIMINAL NO. 4:01-cr-8
                                         APPEAL NO. 19-60185

**JAMES EDWARD FRYE**


## OPINION AND ORDER

This cause is before the Court on James Edward Frye's ("Frye") Response to the Order by which he was required to show whether there was excusable neglect or good cause for his delay in filing a Notice of Appeal. As Frye is proceeding *pro se*, his pleading have been liberally construed. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

In February of 2019, the Court entered an Opinion and Order denying Frye's *pro se* Motion to Correct Imposition of a Sentence of Imprisonment Under 18 U.S.C. § 3582(b)(2). See Order [Docket No. 638]. Frye appealed the decision to the United States Court of Appeals for the Fifth Circuit. In April of 2019, the Fifth Circuit entered an Order finding that Frye's notice of appeal was untimely. See United States v. Frye, No. 19-60185, slip op. at 1 (Apr. 12, 2019). The matter was then remanded, and this Court was instructed to determine whether there was excusable neglect or good cause for the untimely filing. In accordance with the Order of the Fifth Circuit, this Court directed Frye to explain the reasons for the delay. The Court now considers Frye's response.

Under Rule 4(b)(4) of the Federal Rules of Appellate Procedure: "Upon a finding of excusable neglect or good cause, the district court may - before or after the time has expired ... - extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." In determining whether there exists "excusable neglect" or "good cause", the Court considers the following factors: "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). See also United States v. Clark, 51 F.3d 42, 44 (5th Cir. 1995)(applying Pioneer factors to Appellate Rule 4).

Considering the relevant factors, the Court finds the delay in filing the notice of appeal in this case was only four days, and there is no evidence that this brief delay either prejudiced the government or impeded the judiciary. The record also shows that the reason for the delay was neither caused by nor attributable to Frye. Specifically, in his Response, Frye explains that between February 19 and 28, 2019, the prison at which he is housed was in lockdown status, and all inmates were confined to their cells during that time period. See Resp. [Docket No. 644], 2 (explaining

2

that an "institutional lockdown prevented inmates from going to the legal mailroom, and do the things required for correct and proper shipping of an inmate's legal mail."). In support of this claim, Frye provided evidence from the prison explaining that it "experienced a major power failure" on February 2, 2019, which was not fully resolved until February 28, 2019. See Resp. [Docket No. 644], Ex. 1]. The prison also confirms that between February 2nd and 28th, it was on lockdown status that resulted in inmates' having to remain in their cells and having very limited access to other areas of the prison. Id. Finally, the prison explained that the restrictions it imposed following the power failure may have impacted the ability of inmates to file remedies or avail themselves to mail privileges. Id.

Having considered Frye's Response and supporting evidence, which shows: (1) he was subjected to a nearly month-long, prison-wide lockdown following a power failure at the facility; (2) the lockdown prevented him from timely mailing his notice of appeal; and (3) he mailed his notice of appeal on March 1, 2019, the day after the lockdown was lifted, the Court finds he has shown good cause/excusable neglect for the untimely filing of his notice of appeal. Accordingly:

IT IS THEREFORE DETERMINED that Defendant, James Edward Frye, has shown excusable neglect/good cause for his failure to timely file a notice of appeal in this case.

3

IT IS THEREFORE ORDERED that the Clerk of this Court is hereby directed to send a copy of this Order to the Clerk for the United States Court of Appeals for the Fifth Circuit for filing in Appeal No. 19-60185.

SO ORDERED this the 11th day of June, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE